**N.B., Robin Baumgardt, and Mark Baumgardt, Plaintiffs,**

v.

**WAUSAU SCHOOL DISTRICT BOARD OF EDUCATION, Paul J. Brusky, Pamela Huston, Mitchell King, State Farm Mutual Automobile Insurance Company, The Boller Group Inc., and Marathon Savings Bank, Defendants.**

No. 06–C–0487–C.

United States District Court,
W.D. Wisconsin.

May 2, 2007.

John M. Moore, Bell, Gierhart & Moore, S.C., Madison, WI, for Defendants.

## OPINION AND ORDER

BARBARA B. CRABB, District Judge.

Plaintiffs N.B., Robin Baumgardt and Mark Baumgardt bring this lawsuit against former public high school coach defendant Mitchell King for sexually assaulting N.B. (one of King's former team members) and against the Wausau School District Board of Education and various school officials for failing to take action to stop the assaults. Defendant State Farm Mutual Automobile Insurance Company provided defendant King with automobile insurance, which plaintiffs believe provides coverage for the sexual assaults that took place in his car.

Presently before the court is defendant State Farm's motion to dismiss and its renewed motion to bifurcate coverage and stay liability. Defendant State Farm frames its first motion as one to dismiss "for lack of coverage." State Farm does not identify whether its motion relates to its duty to *indemnify* King or its duty to *defend* him in this action, two questions that are governed by different standards. However, I presume that State Farm means to argue that it has neither duty, because it is seeking to be dismissed from the case entirely and because in the context of its motion to stay and bifurcate, it argues repeatedly that a denial of that motion will require it to continue to defend King.

Further, although defendant State Farm styles its motion as one to dismiss under Fed.R.Civ.P. 12(b)(6), it relies on its insurance policy, which was not attached to plaintiffs' complaint. Generally, when a party submits documents outside the pleadings, Rule 12 requires courts to convert the motion to dismiss into a motion for summary judgment. *Fleischfresser v. Directors of School District 200*, 15 F.3d 680, 684 (7th Cir.1994). Therefore, I am converting defendant State Farm's motion to dismiss into a motion for summary judgment. This will not prejudice any of the parties because the policy's authenticity is undisputed; in fact, both parties cite the policy language in their arguments about coverage. The dispute is a legal one, that is, whether defendant State Farm has a duty to defend or indemnify defendant King.

I conclude that defendant State Farm does not have a duty to defend defendant King because even if plaintiffs prove the allegations against defendant King in their complaint, State Farm's policy would not provide coverage for the assaults. This means also that State Farm has no duty to indemnify defendant King because the duty to defend is broader than the duty to indemnify. Accordingly, I will grant summary judgment to defendant State Farm.

Although this decision would seem to moot defendant State Farm's motion to bifurcate and stay the case, defendant argues that without bifurcation and a stay, it will be forced to provide a defense to King because plaintiffs might appeal the decision and the court of appeals could reverse the decision of this court. Although I understand the awkward position State Farm is in, this court is not in the habit of staying a case for months or even years while one insurance company seeks an appellate ruling on an issue that is tangential to the case. Doing so is unfair for plaintiffs and creates an unacceptable delay for the court.

For the sole purpose of deciding this motion, I find the following facts to be material and undisputed.

## FACTS

### A. *Parties*

Plaintiffs are N.B., Robin Baumgardt and Mark Baumgardt. N.B. is a minor

who appears by her mother, Robin Baumgardt, who is an adult resident of Marathon County, Wisconsin. Mark Baumgardt, N.B.'s father, is an adult resident of Marathon County, Wisconsin.

Defendant Mitchell King was, at all relevant times, the girls' basketball coach, the golf coach, and a teacher at Wausau West High School.

Defendant State Farm Mutual Automobile Insurance is a foreign insurance corporation authorized to do business in Wisconsin, with its main office located at One State Farm Plaza, Bloomington, Illinois. At times relevant to the complaint, defendant State Farm provided automobile insurance to defendant Mitchell King.

### B. *Allegations in the Complaint*

In their amended complaint, plaintiffs allege that on multiple occasions between March 2004 and May 2004, defendant King sexually assaulted plaintiff N.B. while in King's cars: (1) On or about March 24, 2004, defendant King stopped in a tavern parking lot while en route to AAU basketball tryouts and "put his hand on N.B.'s leg and kissed her cheek and neck" and "[w]hile driving back from tryouts, he rubbed her leg and told her that he loved her and wanted to be with her"; and (2) in April and May of 2004, defendant King sexually assaulted N.B. on four occasions while driving N.B. home from golf practice (twice as he drove, twice while parked).

### C. *Insurance Policies*

State Farm Mutual Automobile Insurance Company insured defendant King's two cars: a 1997 Dodge Dakota (policy number: 282 5556–C10–49E) and 1999 Saab 9–3 (policy number 265 6240–D24–49F). (Although the policies are not completely clear regarding the dates on which they were in effect, both sides assume that the policies were in effect at all times relevant to this case, so I will do the same.) The policy provided bodily injury liability limits of $250,000 for each person, subject to a $500,000 limit for each accident. The policies define bodily injury as "bodily injury to a *person* and sickness, disease or death which results from it." The relevant portions of the policy agreement provide:

SECTION 1—LIABILITY—COVERAGE A

We will:

1. pay damages which an *insured* becomes legally liable to pay because of:

   a. *bodily injury* to others, and

   b. damages to or destruction of property including loss of its use, caused by accident resulting from the ownership, maintenance, or use of *your car;* and

2. defend any suit against an *insured* for such damages with attorneys hired and paid for by us. We will not defend any suit after we have paid the applicable limit of our liability for the accident which is the basis of the lawsuit.

. . . .

When Coverage A Does Not Apply

THERE IS NO COVERAGE:

8. FOR ANY *INSURED* FOR:

   a. *BODILY INJURY* TO ANY *PERSON* OR

   b. DAMAGE TO OR DESTRUCTION OF PROPERTY

IF FROM THE STANDPOINT OF THAT *INSURED,* THE *BODILY INJURY* OR PROPERTY DAMAGE WAS EXPECTED OR INTENDED.

### OPINION

An insurer's duty to defend is determined by comparing the allegations within the four corners of the complaint to the terms of the insurance policy. *Smith v. Katz,* 226 Wis.2d 798, 806, 595 N.W.2d

345, 350 (1999). If the complaint includes allegations that if proven would result in a judgment the insurer would be required to pay, the insurer has a duty to defend. *School District of Shorewood v. Wausau Insurance Companies,* 170 Wis.2d 347, 364, 488 N.W.2d 82, 87 (1992). When evaluating whether a duty to defend exists, a court should construe the allegations of a complaint liberally and "must assume all reasonable inferences in the allegations of the complaint." *Fireman's Fund Insurance, Co. v. Bradley Corporation,* 2003 WI 33, ¶ 20, 261 Wis.2d 4, 660 N.W.2d 666 (internal citations omitted).

Plaintiffs allege that defendant King committed sexual assaults in his vehicles that are insured by State Farm. To determine whether State Farm has a duty to defend against this claim, I need not consider whether plaintiffs are likely to prevail on the merits. Rather, I must consider whether State Farm could have a responsibility to indemnify defendant King if the claim is successful.

■ For the duty to indemnify to arise, two conditions must be met. The claim must fall within the terms of the insurance policy agreement and a court must find the insured liable on this claim. *Elliott v. Donahue,* 169 Wis.2d 310, 320–21, 485 N.W.2d 403 (1992). Because the duty to defend is broader than the duty to defend, a conclusion that there is no duty to defend means that there is no duty to indemnify.

Defendant State Farm identifies two reasons why its policies do not provide coverage for the acts alleged in the complaint: (1) the policy does not cover intentional acts: and (2) the acts did not arise out of the "use" of the insured vehicles, as is required by the policies.

With respect to the intentional acts exclusion, the insurance policy agreement between defendant King and defendant State Farm excludes from coverage bodily injury that was "expected or intended." Plaintiffs do not deny that defendant King's conduct resulted in bodily injury or that the injury was intentional. *K.A.G. v. Stanford,* 148 Wis.2d 158, 165, 434 N.W.2d 790 (Ct.App. 1988) ("acts of sexual molestation against a minor are so certain to result in injury to that minor that the law will infer an intent to injure on behalf of the actor without regard to his or her claimed intent"). In addition, plaintiffs acknowledge that in the context of homeowners' insurance policies, there is no coverage for sexual assaults against minors when the policy contains an exclusion for intentional acts. *Jessica M.F. v. Liberty Mutual Fire Ins. Co.,* 209 Wis.2d 42, 50–52, 561 N.W.2d 787 (Ct.App. 1997) (collecting cases).

Plaintiffs assert that cases decided in the context of homeowners' insurance policies are distinguishable as a result of Wis. Stat. § 632.32(6)(b)4, which prohibits a motor vehicle insurance policy from excluding "[a]ny use of a motor vehicle for unlawful acts." According to plaintiffs, because sexual assault is an unlawful act, defendant State Farm is barred from excluding it from coverage under § 632.32(6)(b)4.

Although plaintiffs' approach is creative, it fails for a very simply reason: defendant State Farm's policy does not contain an exclusion for unlawful acts or purposes. As State Farm points out, it is irrelevant to the policy whether the insured's action was lawful or unlawful; all that matters is that the action be intentional.

Plaintiffs' argument appears to be that § 632.32(6)(b)4 prohibits not only exclusions for unlawful acts but also for any other acts that *happen* to be unlawful as well. Thus, under plaintiffs' view, an exclusion that is otherwise valid becomes unenforceable once the act crosses into illegal territory. This view is problematic

not least because it would give insureds a perverse incentive to break the law in order to obtain coverage for an act that otherwise would not be covered. It would also lead to absurd results. For example, say that a car insurance policy contained an exclusion for injuries incurred by household members of the insured. *E.g., Allstate Insurance Co. v. Euler,* No. 3:05–CV–783 RM, 2006 WL 3354714 (N.D.Ind. Nov.16, 2006) (discussing such exclusions). Under plaintiffs' view, the insurance company could enforce the exclusion when the insured's spouse was injured in an accident on the way back from a charity event, but not when the insured used the car to run over the spouse, simply because the latter act was against the law.

 Policy concerns aside, the statute makes it clear that the prohibition is limited to those insurance provisions that exclude acts *because* they are unlawful. Under Wis. Stat. § 632.32(5)(e), a "policy may provide for exclusions not prohibited by sub. (6) or other applicable law. Such exclusions are effective *even if incidentally to their main purpose they exclude persons, uses or coverages that could not be directly excluded under sub. (6)(b)*." That is exactly what has happened in this case. Although the intentional acts at issue in this case happen to be unlawful, that is not the reason they are excluded under the policy. In other words, the illegality of an act is "incidenta[l]" to the exclusion's "main purpose."

■ Because defendant King's acts were intentional and intentional acts are not covered under the terms of the insurance policy, the allegations of the complaint against defendant King, if proven, could not give rise to liability under the terms of the State Farm's insurance policy, meaning that defendant has neither a duty to defend nor a duty to indemnify defendant King. This conclusion makes it unnecessary to consider defendant State Farm's other argument, which is that the assaults did not "resul[t]" from the "use" of defendant King's car.

### ORDER

IT IS ORDERED that

1. It is DECLARED that defendant State Farm Mutual Automobile Insurance Company has no duty to defend or indemnify defendant Mitchell King.

2. Summary judgment is GRANTED to defendant State Farm and plaintiffs' complaint is DISMISSED as to that defendant.

3. Defendant State Farm's motion to bifurcate coverage and stay liability is DENIED.